■ In the Matter of CASTAGNA & SON, INC., Petitioner, v JAMES CHAMBERS et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated September 27, 1974, which (a) vacated an order of the State Division of Human Rights, dated January 31, 1974, dismissing the complaint after a hearing, and (b) remanded the matter to the division for further proceedings. Petition granted, order of the State Human Rights Appeal Board annulled and determination of the State Division of Human Rights reinstated, on the law, without costs. In the fall of 1971 petitioner, Castagna & Son, Inc., and respondent James Chambers entered into a conciliation agreement arising out of a previously filed complaint by Chambers which charged petitioner with unlawful discriminatory practices relating to employment. The agreement, embodied in a paper filed with the State Division of Human Rights, provides as follows: "An agreement of conciliation having been reached wherein it is agreed as follows: 1. The complainant, JAMES CHAMBERS, is to be employed by SORLY CARPENTER CORP., a subcontractor of the respondent, CASTAGNA & SONS, INC., as a trim carpenter on the Bellevue Hospital Project starting Nov 29, 1971. 2. The said JAMES CHAMBERS may not be fired, suspended, laid off, or otherwise separated from his employment without advising Frank Castagna, president of the respondent, Castagna & Sons, Inc., and Murray S. Bornstein, attorney for the complainant, James Chambers, the grounds or reasons for his impending disengagement. 3. The parties hereto consent to an order of conciliation. Dated: December 14, 1971. CASTAGNA & SONS, INC., By: /s/ FRANK CASTAGNA /s/ LEONARD LAZARUS /s/ JAMES CHAMBERS /s/ MURRAY S. BORNSTEIN" Significantly, the conciliation agreement neither specifies the type of notice to be given nor the person to bear the responsibility of furnishing such notice. Pursuant to the terms of the agreement, respondent Chambers commenced working for Sorly Carpenter Corp. on November 29, 1971. He was continually employed by Sorly until August 3, 1972, when he was discharged. It is conceded by petitioner that the notice provided for in the agreement was not given to respondent

Chambers' attorney. Following respondent Chambers' formal complaint to the division alleging petitioner's breach of the agreement, the division initiated the complaint, upon which a hearing was held on August 30, 1973. Thereafter, the division held that petitioner had neither breached the terms of the conciliation agreement in violation of subdivision 8 of section 296 of the Executive Law nor violated section 296 (subd 1, par [e]) of the Executive Law, which forbids an employer from dismissing an employee in retaliation for the latter's complaint or participation in any proceeding under article 15 (Human Rights Law) of the Executive Law, and dismissed the complaint. The State Human Rights Appeal Board vacated the division's order. While the board agreed with the division that the charge of "retaliation" had no support in the record, it nevertheless held that the record did not support the division's finding that the conciliation agreement had not been breached. In our view, the board's determination is arbitrary and capricious. The record clearly demonstrates that respondent Chambers' dismissal was occasioned by a general strike of elevator operators, which strike had affected the entire building industry. The mere fact that formal notice was not given to respondent Chambers' attorney does not work a substantial breach of the conciliation agreement. Indeed, Mr. Bornstein received actual notice of his client's dismissal on the day that he was discharged. Moreover, we note that the division bears part of the responsibility for Sorly's nonfeasance in not furnishing notice. Section 297 (subd 3, par d) of the Executive Law imposes upon the division the duty of serving a copy of the order embodying a conciliation agreement "upon all parties to the proceeding." While Sorly was not, strictly speaking, a party to the actual proceeding before the division, nevertheless, in view of the unusual tripartite arrangement worked out between petitioner and respondent Chambers, the State Division, in the exercise of reasonable diligence should also have served a copy of the order upon Sorly. Rabin, Acting P. J., Cohalan, Margett, Brennan and Shapiro, JJ., concur.